## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| FINISH TIME HOLDINGS, LLC, a Texas limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GARMIN INTERNATIONAL INC., a Kansas for profit corporation, <br><br> Defendant. | Case No. 2:20-cv-00184-NT <br><br> **JURY TRIAL DEMANDED** |

### UNOPPOSED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Finish Time Holdings, LLC ("Plaintiff" or "Finish Time") moves this Court to dismiss its claims against Defendant Garmin International Inc. ("Defendant" or "Garmin") without prejudice. Finish Time received a letter from Garmin on October 7, 2020 indicating that it would not oppose a motion to dismiss without prejudice and Finish Time therefore files this motion as an unopposed motion.

### FACTUAL BACKGROUND

On May 22, 2020, Finish Time filed a Complaint against Garmin. (ECF No. 1.) In the Complaint, Finish Time alleged, among other things, that Garmin infringes U.S. Patent Nos. 9,345,948 ("the '948 Patent") and 8,889,340 ("the '340 Patent") through the Garmin Coach Feature. (ECF No. 1, ¶ 51.) As part of that allegation, Finish Time provided a claim chart describing how Garmin Coach infringes claim 1 of the '340 Patent which recites, among other things, "receiving from the athlete a selection of a coach who is to be granted access to the athlete's profile." (*Id.*) In support of its contention that the selected coach is provided access to the athlete's profile to provide coaching services, Finish Time cited an article from Garmin's website stating that one of the coaches for the Garmin Coach feature – Amy Parkerson-Mitchell – provided coaching services

based on runner data uploaded through Garmin Connect.[1] (*Id.*).  Based at least on this article –
which, again, was posted on Garmin's website - Finish Time understood that the coaches in Garmin
Coach had access to athlete profiles.

In the Complaint, Finish Time further alleged that Garmin infringes U.S. Patent No.
10,124,234 ("the '234 Patent") through the Garmin Gear Tracking feature.  Finish Time's
allegations related to the '234 Patent does not involve the Garmin Coach feature and do not require
that coaches have access to athlete profiles.

Garmin subsequently filed its Answer.  (ECF No. 9.)  There, Garmin elected to identify
certain non-infringement defenses but did not identify any non-infringement defenses relevant to
the Garmin Coach feature.  (*See* ECF No. 9, pp. 1-2).  Garmin also did not file any counterclaims.
Shortly thereafter, Finish Time and Garmin had an initial Rule 26(f) meeting where Garmin did
not identify any non-infringement arguments.  (Declaration of Brian Boerman, filed herewith
(hereinafter "Boerman Decl."), ¶ 3.)  Finish Time there raised the issue of alternative dispute
resolution as required under Fed. R. Civ. P. 26(f) and Local Rule 16.3(b)(3), but Garmin indicated
that it was not then ready to discuss those issues.  (Boerman Decl., ¶ 4.)

On September 8, 2020, in response to an interrogatory from Finish Time, Garmin identified
for the first time two non-infringement positions.  (Boerman Decl., ¶ 6.)  First, Garmin stated that
"Garmin Coach does not infringe because it does not provide any coach access to an athlete's
profile."  (Boerman Decl., ¶ 9.)  Second, Garmin stated that "Garmin's devices are incapable of
communicating training data 'live' to the Garmin Connect server where the user's Garmin Connect
Profile is stored and maintained."  (Boerman Decl., ¶ 7.)[2]  If true, both factual allegations would

---

[1] Garmin Connect is the system through which users can access features such as Garmin Coach.
(*See, e.g.*, ECF No. 1, ¶ 38.)
[2] The first non-infringement argument impacts only the infringement theories related to the '948
and '340 Patents.  The second non-infringement theory potentially impacts all of the asserted

2

have changed Finish Time's understanding of the operation of the infringing products and impacted the infringement theories on which Finish Time relied in filing this action.  (*See* Boerman Decl., ¶¶ 8, 10.)  Given the potential significance of these positions, counsel for Finish Time reached out to counsel for Garmin on September 17, 2020 to request further information on these topics. (Boerman Decl., ¶¶ 11, 12.)  Counsel for Garmin indicated that they would try to identify how Finish Time could confirm these facts.  (Boerman Decl., ¶ 12.)

On September 22, 2020, Finish Time received a letter from Garmin providing additional information on these topics.  (Boerman Decl., ¶ 13.)  The letter did not identify any relevant documents, but instead relied on deposition testimony from another case and attorney argument. (*Id.*)  Finish Time reviewed the provided information and conducted additional tests on Garmin Coach.  (Boerman Decl., ¶ 14.)  These tests proved that Garmin's devices are capable of communicating training data "live" to the Garmin Connect server and its stated position was incorrect.  (*Id.*)  However, Finish Time was unable to evaluate the factual allegation related to a coach's access to athlete profiles because that information was in the sole possession of Garmin. (Boerman Decl., ¶ 15.)

Finish Time responded to Garmin's letter on September 28, 2020, providing evidence that, in its view, showed that Garmin's devices do communicate training data "live" to the Garmin Connect server.  (Boerman Decl., ¶ 16.)  However, Finish Time acknowledged that it could not independently verify Garmin's factual contentions related to coach access to athlete profiles.  (*Id.*) Accordingly, Finish Time offered to dismiss this action without prejudice immediately as long as Garmin would permit it to continue its investigation after dismissal.  (*Id.*)

---

patents.  However, Finish Time would prefer to focus its limited resources elsewhere rather than pursue this case if only the '234 Patent remains viable.

The parties have discussed this matter further but have been unable to reach agreement on how to proceed. (Boerman Decl., ¶¶ 17-18.) In view of Garmin's representations, though, Finish Time has decided it is not currently in its interest to continue litigating the dispute and requests that this Court dismiss this action without prejudice.

## LEGAL STANDARD

After the defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P 41(a)(2). The First Circuit has explained:

> The rule allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be prejudiced." *P.R. Mar. Shipping Auth. V. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)) (internal quotation mark omitted). The court is responsible for ensuring that such prejudice will not occur. *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). The rule also provides that such a dismissal is without prejudice, "[u]nless the [court's] order states otherwise." Fed. R. Civ. P. 41(a)(2). Accordingly, dismissal without prejudice is the norm, "unless the court finds that the defendant will suffer legal prejudice." *Leith*, 668 F.2d at 50. The mere prospect of a subsequent lawsuit does not constitute such prejudice. *See Doe*, 216 F.3d at 160-61.

*Cabrera v. Esso Std. Oil Co. P.R.*, 723 F.3d 82, 87 (1st Cir. 2013). As such, the First Circuit has stated that "a district court should grant a motion for voluntary dismissal unless a defendant can show that it would suffer some plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit." *Cason v. P.R. Elec. Power Auth.*, 770 F.3d 971, 976 (1st Cir. 2014); *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (describing legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument" and further noting that "[u]ncertainty because a dispute remains unresolved is not legal prejudice.").[3]

---

[3] The Ninth Circuit, surveying other circuit court decisions, noted examples of legal prejudice included loss of a federal forum, loss of the right to a jury trial, or loss of a statute-of-limitations defense. *See id.*

In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to "(1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that the motion is made at a critical juncture in the ongoing processing of the case; and (5) whether a dispositive motion has been filed by the defendant." *Greene v. New Eng. Suzuki Inst.*, No. 2:18-cv-001410JAW, 2018 U.S. Dist. LEXIS 191133, at *5-6 (D. Me. Nov. 8, 2018) (citing *Doe*, 216 F.3d at 160).  However, district courts need not analyze each of these factors or limit their consideration to these factors.  *See id.*

## ARGUMENT

The relevant factors favor the Court granting Finish Time's motion for dismissal without prejudice.

This case is in its early stages, with discovery having begun only two months ago.  The parties have incurred limited costs to date and have not conducted any depositions.  In contrast, litigating this case through trial would involve substantial resources of both the parties and the Court.  Thus, the first factor favors dismissal without prejudice.  *See, e.g., Canadian Nat'l Ry. Co. v. Montreal, Me. Atl. Ry.*, 275 F.R.D. 38, 42 (D. Me. 2011) (finding this factor favored dismissal where "the Court envisions that a final litigated resolution would be expensive and time-consuming."); *see also Greene*, 2018 U.S. Dist. LEXIS 191133, at *4, 6 (finding this factor favors dismissal without prejudice where the motion was filed before the parties had engaged in depositions or other major expense-generating discovery initiatives); *Ring v. ZF Lemforder*, No. CV-09-83-B-W, 2009 U.S. Dist. LEXIS 53909, at *2 (D. Me. June 24, 2009) (granting motion to dismiss without prejudice because "[f]or a [] case to be voluntarily dismissed within a few months of filing with minimal written discovery, without a dispositive motion, and without extensive

depositions should be for [defendant] a consummation devoutly to be wished.").  In addition, Finish Time has not delayed this action in any way.

Finish Time's reasons for dismissing this case are not unexplained.  To the contrary, and as discussed above, Plaintiff is moving to dismiss this case in view of new information provided by the Defendant in discovery that changes its understanding of the operation of the allegedly-infringing products.  Reassessment of a case is a valid reason for seeking dismissal without prejudice.  *See Ring*, 2009 U.S. Dist. LEXIS 53909, at *1 (dismissing case without prejudice where a newly-hired attorney determined that the case was not yet ripe for resolution).  Indeed, parties have a duty to continually assess their case based on new information.  *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) ("[A] party . . . must continually assess the soundness of pending infringement claims.").  Finish Time is doing exactly what should be expected of a plaintiff – requesting dismissal in view of new information that impacts its claims.[4]

This Motion is not being filed at a critical juncture in the case.  Rather, the parties are in the early stages of discovery.  *See, e.g., Lasbury v. People's United Bank*, No. 2:14-cv-00338-JAW, 2016 U.S. Dist. LEXIS 23679, at *4 (D. Me. Feb. 24, 2016) ("Ms. Lasbury's motion to dismiss was not filed at a critical juncture in the case, such as on the eve of trial or after a verdict.").  Nor has Garmin filed a motion to dismiss.  Indeed, in view of the efficiencies inherent in this type

---

[4] Finish Time notes that its infringement theories related to Garmin Coach do not apply to the '234 Patent, which relates to the Garmin Gear Tracking feature.  However, Garmin has raised a non-infringement argument (related to "live" communication of data to the Garmin Connection server) that – although Finish Time does not believe it precludes infringement – requires further investigation in light of Garmin's factual contention.  Indeed, despite the evidence presented by Finish Time, Garmin continues to take the position that Garmin's products are incapable of providing data "live" to the Garmin Connect servers.  (Boerman Decl., ¶ 18.)  Moreover, given the new facts alleged by Garmin, Finish Time would prefer to devote its limited resources to other matters.  *See Canadian Nat'l Ry.*, 275 F.R.D. at 42 (finding this factor supports dismissal without prejudice where "Plaintiffs have explained that they would prefer to devote their resources to a practical as opposed to legal resolution of this controversy.").

of motion, courts in this District often dismiss cases under Rule 41(a)(2) even when there is a motion to dismiss pending. *See, e.g., Edson v. Riverview Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 U.S. Dist. LEXIS 63920, at *6 (D. Me. May 16, 2016) (granting motion to dismiss without prejudice despite pending motions to dismiss). That no such motion is pending here only strengthens the case for dismissal.

Finally, Finish Time submits that its actions in responding to Garmin's non-infringement positions should also be considered in determining whether to grant this Motion. For several months, Finish Time attempted to discuss the issues in this case with Garmin but received no response. Shortly after receiving notice of Garmin's non-infringement positions, Finish Time reached out to Garmin to request further information. And shortly after receiving the requested information, and based on little more than Garmin's representations, Finish Time offered to dismiss this action without prejudice to allow it to further investigate these matters outside of litigation.[5] Far from prejudicing Garmin, Finish Time's actions show that it has attempted to minimize any prejudice to Garmin at every turn. *Cf. Arteris S.A.S. v. Sonics, Inc.*, No. C 12-0434 SBA, 2013 U.S. Dist. LEXIS 85370, at *9 (N.D. Cal. June 17, 2013) (defendant arguing that dismissal should be with prejudice because plaintiff *should have* moved to dismiss its claims "after [defendant] responded to interrogatories and requests for production of documents," *i.e.*, that the plaintiff should have done exactly what Finish Time has done here).

Accordingly, Finish Time submits that based on totality of the circumstances, "this case is a straightforward example of one that should be dismissed without prejudice." *See Lasbury,* 2016 U.S. Dist. LEXIS 23679, at *4. In short, dismissal in this action would satisfy the purpose of Rule

---

[5] Finish Time further notes that its reliance on Garmin's representations demonstrate why the dismissal should be without prejudice. If Garmin's representations are correct, Finish Time is highly unlikely to assert the same claims against Garmin Coach. However, if Garmin's representations are not correct, Finish Time should be permitted to assert the same claims.

42(a)(1) as described by the First Circuit, "permit[ting] the plaintiff, with approval of the court . . . [to] voluntarily dismiss an action as long as [and as is the situation here] no other party will be prejudiced." *Doe*, 216 F.3d at 160 (internal quotations and citations omitted).

## <u>CONCLUSION</u>

Finish Time therefore respectfully requests the Court grant its Unopposed Motion to Dismiss under Fed. R. Civ. P. 41(a)(2) and dismiss Finish Time's claims against Garmin without prejudice, with each party bearing its own attorney's fees and costs.

Dated: October 7, 2020                Respectfully submitted

By:    /s/ Christopher B. Branson
       Christopher B. Branson
       cbranson@mpmlaw.com
       MURRAY PLUMB & MURRAY
       75 Pearl Street
       P.O. Box 9785
       Portland, ME 04104-5085
       Telephone: 207-773-5651


By:    /s/ Brian S. Boerman
       Robert R. Brunelli (admitted *pro hac vice*)
       rbrunelli@sheridanross.com
       Brian S. Boerman (admitted *pro hac vice*)
       bboerman@sheridanross.com
       Paul S. Cha (admitted *pro hac vice*)
       pscha@sheridanross.com
       SHERIDAN ROSS P.C.
       1560 Broadway, Suite 1200
       Denver, Colorado 80202 5141
       Telephone:    303-863-9700
       Facsimile:    303-863-0223
       E mail:        litigation@sheridanross.com

       *ATTORNEYS FOR PLAINTIFF*
       *FINISH TIME HOLDINGS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Lori R. Brown
Lori R. Brown
Paralegal to Todd P. Blakely/Robert R. Brunelli
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Telephone: (303) 863-9700
E-mail: lbrown@sheridanross.com
        litigation@sheridanross.com